## MAXWELL vs. GUTHRIE.

Where a party files a petition for discovery, and uses the answer as evidence, all in it relating to the matter of the suit is to be considered.

In a suit by the widow of the payee, upon notes given to the husband, *or bearer*, to a petition for discovery, as to the single fact of the transfer of the notes by the payee, the plaintiff answered that she held them, as his widow, under a statute of Louisiana, that gave her the right to, and possession of, the notes : *Held*, that she might well state her claim to the notes; and that the answer need not be regarded as an attempt to prove a statute of Louisiana by her own statement.

### *Appeal from Ashley Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

WADDELL, for the appellant.

GARLAND & RANDOLPH, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Annette Guthrie brought two suits before a justice of the peace against Maxwell, on notes executed by him, and payable to George W. Guthrie, or bearer. Judgment being given against Maxwell in each case, he appealed to the Circuit Court of Ashley county, where the cases were consolidated. In the Circuit Court Maxwell filed a petition for discovery, and obtained an order that the plaintiff should answer it. An answer was filed at the same term of the court, but upon the trial of the case at the next term, the court, at the instance of the plaintiff, refused to allow Maxwell to read the petition and answer in evidence; to which he excepted.

For Maxwell, it is here contended that, under the 93*d section*

*of chap.* 133, *Gould's Digest,* he had a clear right to a discovery from the plaintiff, as they were parties to a suit in a court of record.

. On the trial of the suits before the justice of the peace, Maxwell could have had the benefit of the testimony of the plaintiff to establish any set-off he might have had against the notes, and, without a set-off, he could have had her " subpœnaed as a " witness in the cause in the same manner, and with like effect, " as any other person." *Secs.* 108, 109, *ch.* 99 *Gould's Digest.* Whatever could have been done relative to this matter before the justice, could also have been done in the Circuit Court. *Drennen vs. Lindsay,* 15 *Ark.* 360. The same rule of practice would induce the conclusion that, on an appeal from a justice of the peace, pending in the Circuit Court, no mode of evidence would be adopted which was not permitted before the justice. This is the rule that obtains in pleading, as in the Circuit Court appeal cases are tried without formal or written pleadings—are tried as they were before the justice.

It is not, however, necessary to decide now, notwithstanding it would seem to be reasonable, that Maxwell could not by a petition for discovery obtain an answer from the plaintiff for the purpose of defeating her action; for taking the answer as evidence, it does not destroy the title of the plaintiff to the notes, as their bearer, nor, in connection with the other evidence, throw such suspicion upon her right to sue as to require her to show whence she obtained her possession, and much less that her possession was wrongful.

. The object of the petition was to show that the notes had never been transferred by George W. Guthrie. The notes were given to him, he had died, and the plaintiff answered that she held them as his widow under a statute of Louisiana, that gave her the right and possession of the notes. If Maxwell was not pleased with the answer, he was not obliged to use it as evidence, but using it, all in it relating to the matter of the suit was to be considered. Maxwell could not, by confining his interrogatories to the single fact of transfer of the notes by

George W. Guthrie, also confine the answer to a simple negative, and thence, by a legal inference, destroy the right of the plaintiff to sue; but she might well state her claim to the notes, although they had not been endorsed to her, or come to her in the course of trade. Her answer may be taken to be a mere assertion of her right to the notes, need not be regarded as an attempt to prove a statute of Louisiana by her own statement. The petition wished to cast suspicion upon her right to sue as the holder of the notes, the answer did not fix or strengthen the suspicion.

We see no reason for disturbing the judgment, which, for the second time, declared the liability of Maxwell at the suit of the plaintiff, and direct it to be affirmed.